**PACIFIC TELESIS GROUP, a Nevada corporation, Plaintiff,**

v.

**INTERNATIONAL TELESIS COMMUNICATIONS, a California corporation, Defendant.**

**No. CV 88–01596–RMT.**

United States District Court, C.D. California.

July 11, 1991.

**980**

Paul B. Van Buren, San Francisco, Cal., Andrew J. Belansky, Pasadena, Cal., Bart Kimball, Los Angeles, Cal., for plaintiff.

Graham and James, Los Angeles, Cal., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

TAKASUGI, District Judge.

*Introduction*

This is an action for service work infringement and unfair competition/false designation of origin under federal law and service work infringement, trade name infringement and unfair competition under California state law.

## FINDINGS OF FACT

1. The parties are Pacific Telesis Group ("plaintiff"), a Nevada corporation, and International Telesis Communications, a California corporation.

2. On September 1, 1984, United States service work Registration No. 1,294,986 was issued to plaintiff for the mark TELESIS for "communication services—namely telephone services" in Class 38. This registration was based on an application filed August 3, 1983, by Pacific Telephone & Telegraph. The registration was issued to plaintiff by virtue of an assignment of the application to it by Pacific Bell (formerly Pacific Telephone & Telegraph).

3. California service work Registration No. 17,227, having a registration date of August 9, 1983, was issued to the Pacific Telephone & Telegraph Company for the mark TELESIS for "communication services, namely telephone services." On February 24, 1984, the registration was assigned by Pacific Bell (formerly The Pacific Telephone & Telegraph Company) to plaintiff. The federal and state applications referred to the August 5, 1983, mailer as the date of first use.

4. Defendant International Telesis Communications ("defendant") was incorporated in the state of California on October 29, 1985. It uses the trade name and service mark INTERNATIONAL TELESIS GROUP.

5. California service mark Registration No. 29014, having a registration date of December 4, 1986, was issued to defendant for the mark INTERNATIONAL TELESIS GROUP for voice and data telecommunications consulting services.

6. The divestiture of AT & T of its operating telephone companies, effective January 1, 1983, was pursuant to a decree approved by the United States District Court for the District of Columbia, referred to as the MFJ, Modification of Final Judgment, entered in settlement of certain antitrust litigation brought against AT & T by the United States Justice Department.

7. In anticipation of this divestiture of AT & T, plaintiff, as one of seven independent regional holding companies, was formed in October, 1983.

8. At the beginning of 1983, the AT & T Bell Operating Company, providing basic telephone services, as well as other telecommunication services in California and Nevada, was Pacific Telephone & Telegraph Company.

9. In anticipation of the forthcoming AT & T divestiture, the executives of Pacific

Telephone selected the name Pacific Telesis Group for the regional holding company under which several subsidiaries were to be designated.

10. On August 5, 1983, Pacific Telephone distributed a mailer to customers in California and Nevada which referred to Telesis custom calling services. These services included call forwarding, call waiting and three-way calling.

11. On August 8, 1983, following the mailer of August 5, 1983, simultaneous press conferences were held in San Francisco, California, and Reno, Nevada, where announcements were made of the selection of Pacific Telesis Group as the name of the holding company. Brochures and press releases were also distributed describing how plaintiff would, through its subsidiaries, continue the telecommunications services then provided by Pacific Telephone and would also meet the technological growth in telecommunications that would take place in the future.

12. The AT & T divestiture, the creation of plaintiff as a regional holding company, and the telecommunication services offered by its subsidiaries were widely reported by the media from August 1983 and thereafter. In addition to plaintiff's advertising, its subsidiaries had separate advertising companies to further promote the services and products of that subsidiary. In virtually all of such advertising, plaintiff was listed as the holding company of that subsidiary.

13. The evidence established that from September 1985 on, Pacific Telesis and Telesis were strongly associated in the public mind as sources of telephones, communications and telecommunications. This association has continued throughout the years since.

14. David Zweiban, now president of defendant corporation, made several previous declarations, in writing, under penalty of perjury that the first use of the name International Telesis Group in connection with telecommunications consulting services in the United States was in 1985.

15. Mr. Zweiban was fully aware of plaintiff's adoption of TELESIS prior to any use by him of TELESIS in any combination with International.

16. The areas of telecommunications technology in which defendant offers consulting services are described in its first advertising offering telecommunications services in December, 1985, as:

> telecommunications planning for new facilities; building cabling and riser system design; PABX selection and implementation; integrated voice, data, cabling systems; private satellite, microwave, and fiber-optic networks; electronic mail and documentary delivery systems.

17. The services offered by plaintiff's subsidiaries substantially overlap the areas of communication technology in which defendant offers its consulting services. The activities of plaintiff's subsidiaries include telecommunications planning for new facilities; building cabling and riser systems design; business telephone system (including Centrex and PBX) selection and implementation; integrated voice, data, networks using microwave, copper cable and fiber-optic technologies; and electronic mail and documentary delivery systems.

18. In connection with these telecommunications activities, plaintiff's subsidiaries necessarily must understand the customer's needs and provide consulting services by making recommendations as to what is the most economical and effective way to meet those needs.

19. Plaintiff's and defendant's services overlap as to intra–LATA services.

20. *Likelihood of Confusion Factors.*

a. *Strength of the mark/name.* Plaintiff has established the strength of TELESIS by its presumptively valid federal registration, the substantial public exposure of TELESIS through media reports and advertising, and the substantial level of awareness of TELESIS as a source of telephones, communications and telecommunications. TELESIS is the dominant component of plaintiff's service marks and trade name. TELESIS does not describe any characteristics, functions, uses or qualities of telecom-

munications services. As applied to such services, it is arbitrary.

b. *Proximity to the services.* The areas of telecommunication technology offered by plaintiff's subsidiaries overlap the telecommunications services as to which defendant offers consulting services.

c. *Similarity of marks/names.* Defendant uses the identical dominant component "telesis" in its name(s).

d. *Evidence of actual confusion.* There was no evidence of actual confusion presented at trial.

e. *Marketing channels used.* There is virtually a complete overlap of existing or potential customers in that defendant has offered its telecommunications services to small, medium and multi-branch large concerns, most of which are in California.

f. *Likely degree of purchaser care.* There is a wide range in the level of sophistication among those concerns selecting telecommunications services, consisting of customers with little or no telecommunications experience and others with vast experience and knowledge.

g. *Defendant's intent in selecting the mark/name.* Defendant selected the use of TELESIS with the intent to benefit from the goodwill and reputation acquired by plaintiff through its prior use of TELESIS.

h. *Likelihood of expansion.* Because of the present overlap of the telecommunications areas in which plaintiff and defendant offer services, this factor is not viewed as significant in the likelihood of confusion analysis.

21. The court finds that plaintiff has established by a preponderance of the evidence that there is a likelihood of confusion resulting from defendant's use of Telesis in relation to the telecommunications services which it offers.

22. In initiating this action to prohibit defendant from using the word telesis in its business name, plaintiff did not delay unreasonably or inexcusably. In any event, defendant did not provide satisfactory evidence of prejudice caused by the delay.

Any finding of fact which may be deemed a conclusion of law is hereby incorporated into the Conclusions of Law below, and any conclusion of law which may be deemed a finding of fact is hereby incorporated into the Findings of Fact above.

## CONCLUSIONS OF LAW

1. This court has jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1333(1) and (2).

2. Plaintiff is the owner of federal Registration No. 1,294,986 granted on September 11, 1984, for the service mark TELESIS for communication services, namely telephone services. This is prima facie evidence of the validity of the registered mark, of the registrant's ownership of the mark and of registrant's exclusive right to use the registered mark. 15 U.S.C. § 1057(b).

3. Plaintiff is also the owner of California Service Mark Registration No. 17,227 granted August 9, 1983, for TELESIS for communications services, namely telephone services.

4. Once there is federal registration of a mark on the principal register, the filing of the application to register the mark shall constitute constructive use of the mark. 15 U.S.C. § 1057(c).

5. A service mark is a mark used in sale or advertising of services to identify and distinguish the services of one person from the services of others and to indicate the source of the services. 15 U.S.C. § 1127.

6. Plaintiff's print and television advertising, for the major part, constituted service mark usage of TELESIS for telecommunications services.

7. The word TELESIS is an arbitrary term as applied to telecommunications service and is the dominant component of PACIFIC TELESIS GROUP, PACIFIC TELESIS and design and PACIFIC TELESIS INTERNATIONAL.

8. Defendant's use of TELESIS as a component of its service mark and trade name creates a likelihood of confusion under the factors suggested by *Accuride In-*

*tern., Inc. v. Accuride Corp.,* 871 F.2d 1531, 1533–1534 (9th Cir.1989).

9. Defendant's use of the mark TELESIS constitutes a federal and state of California service mark infringement, federal false designation of origin, and state of California trade name infringement and unfair competition.

10. Defendant did not have prior use of the mark TELESIS as a component of its service mark and/or trade name.

11. Defendant failed to sustain its burden of proof that plaintiff's federal registration No. 1,294,986 is invalid because of fraud.

12. An infringer cannot rely upon the rights of a third party as justification for its own infringement. *Del Monte Special Food Co. v. Calif. Packing Corporation,* 34 F.2d 774, 777 (9th Cir.1929).

13. Neither party is entitled to an award of attorneys fees.

JUDGMENT

The court having filed its Findings of Fact and Conclusions of Law concurrently herewith,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendant International Telesis Communications, its officers, agents, affiliates, employees, and those persons in active concert or participation with it who receive actual notice of the order by personal service or otherwise are hereby restrained and enjoined from using in any way the service mark "TELESIS," or any other name or mark confusingly similar to "TELESIS," alone or in combination with other words or designs, in connection with the advertising, offering, or performing of voice and data telecommunications consulting services, or other business activities relating to telecommunications services.

IT IS FURTHER ORDERED that plaintiff is awarded its costs of suit.